WYMAN (STINSON v.). See Case No. 13,460.

WYNCOOP, The MARTIN. See Case No. 9,-177.

WYNKOOP (SAGE v.). See Case No. 12,215.

---

## Case No. 18,116.

### WYNN v. WILSON et al.

[Hempst. 698.] [1]

Circuit Court, D. Arkansas.    March 26, 1855.

APPLICATION FOR INJUNCTION—NOTICE—DEFENCES AT LAW—ENJOINING JUDGMENT AT LAW —NEGLIGENCE OF ATTORNEY.

1. Notice should be given to the adverse party or his attorney, of the time and place for moving for an injunction.

2. If a defendant omits to make his defence at law, equity will not afford him relief on the same grounds.

3. Mere negligence in an attorney, unaccompanied by fraudulent combination or connivance, is not sufficient to arrest a judgment at law.

[Cited in Rogers v. Parker, Case No. 12,018; Downs v. Allen, 22 Fed. 810.]

Application for injunction on bill in chancery, to the Hon. PETER V. DANIEL, Associate Justice of the Supreme Court of the United States, at chambers, in Washington City. The bill alleged, that on the 22d April, 1854, Samuel S. Wilson, son of James H. Wilson, recovered judgment for two thousand nine hundred eighty dollars and forty-six cents; that on 10th of June, 1854, execution issued on the judgment, that the marshal levied on certain slaves; that the complainant [William Wynn] gave a 'delivery bond, which had been forfeited, and that execution was about to be issued thereon, unless prevented; that the judgment was rendered on two notes, assigned by James H. Wilson to his son, Samuel S. Wilson; that these notes, in an arrangement and compro-

---

[1] [Reported by Samuel H. Hemnstead, Esq.]

mise between the complainant and said James H. Wilson, had been paid and satisfied before the assignment, but were not delivered up; that complainant employed counsel to defend the suit, but such counsel failed to make defence, and judgment was rendered against him by default; that at the time of the rendition of said judgment and suing out process thereon, the plaintiff was dead, and the process of the court thus abused, and praying for injunction and general relief. No notice was given of the intended application for an injunction. The bill was duly verified.

A. Pike and E. Cummins, for complainant.
George C. Watkins and George A. Gallagher, for defendants.

DANIEL, Circuit Justice. 1. By the act of congress of 1793, § 5 (1 Stat. 334), it is declared that no writ of injunction shall be granted in any case, without notice to the adverse party or to his attorney, of the time and place of suing for the same. And this provision has been sanctioned as long since as the case of New York v. Connecticut, 4 Dall. [4 U. S.] 1, and applied to injunctions granted by the supreme court, as well as to those that may be granted by a single judge.

2. Again, it is a rule perhaps without an exception, that whenever a defendant, in a suit at law, is possessed of a defence of which he may avail himself in the action, he cannot, after waiving or omitting that defence, invoke the aid of a court of equity for relief, upon the same ground, nor upon any others which he might have asserted at law.

3. It is believed that mere negligence of an attorney, unaccompanied by fraudulent combination or connivance, has never been deemed a sufficient reason for equitable interposition to arrest a judgment at law. If the judgment in question was in truth obtained in behalf of a man who was dead at the time, that judgment is merely void, and may be quashed by summary proceedings, upon notice and proofs, by which all acts in virtue of a judgment ipso facto void, would fall to the ground. If the death of the plaintiff at law was known to his attorney, or the officer of the court when entering that judgment, or when suing out process therefor, such acts would constitute an abuse of the authority of the court such as should be strongly disapproved and promptly set aside. They could create no rights in the plaintiff's representative, nor in any person pretending to claim under the judgment.

Upon the principles herein stated, the injunction prayed for in this case, as made by the bill, must be denied.

The application was renewed at the April term of the circuit court, 1855, before the same judge. RINGO, District Judge, having been of counsel did not sit, and notice of the application was waived. It was now

stated and shown in the bill that the assignment of the notes to the plaintiff, in the suit at law, was fraudulent, and done to enable the said James H. Wilson to cheat and defraud complainant; and the particular facts constituting the fraud were set out and specified. Upon the second application the injunction was granted, bond and security given and approved, and a writ of injunction ordered to issue, which was done accordingly.